UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY BALDI,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CAMDEN COUNTY JAIL,<br><br>　　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-7139 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Courtney Baldi, Plaintiff Pro Se
1344 Sheridan Street
Camden, New Jersey 08104

**SIMANDLE, UDSJ:**

　　1.　Plaintiff Courtney Baldi seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

　　2.　Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will allow the complaint to proceed in part.

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff states: "[O]fficer Colon stripped searched me for the second time that night when she took me in the bathroom. I asked to step of [sic] the blanket before getting naked again for municipal charges." Complaint § III.C. The complaint then indicates that Officer Colon left the bathroom and returned with Officer Corley. *Id.* Officer Corley then punched Plaintiff in the face and kneeled on Plaintiff's arms. *Id.* Officer Colon proceeded to slam Plaintiff's head into the floor twelve times. *Id.*

6. Plaintiff names the CCJ as the sole defendant. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

7. To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West*, 487 U.S. at 49 (citation omitted). The jail is not a proper defendant as it is not a "person" within the meaning of § 1983. *See, e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

8. Construing the complaint liberally against Officers Colon and Corley, Plaintiff has sufficiently alleged a Fourth Amendment violation for an improper strip search. Inmates have a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). Plaintiff alleges two

full strip searches during the course of a single shift of guards for a municipal court case. There are sufficient facts in the complaint for an inference of unreasonableness. Plaintiff has also sufficiently alleged an unreasonable force and/or excessive force claim against the officers.[1]

9. The Court will instruct the Clerk to add Officers Colon and Corley as defendants and permit these claims to proceed against them.

10. Plaintiff further alleges the food at the jail had plastic and mold in it. Complaint § IV. These general allegations are insufficient to state a claim.

11. The constitutionally adequate diet "must provide adequate nutrition, but corrections officials may not be held liable [as to claims of inadequate food] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013) (citing *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)).

---

[1] It is not clear from the complaint whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the incident. However, the facts alleged by Plaintiff are sufficient to state a claim under either the Fourteenth or Eighth Amendment.

4

12. "Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" *Id.* at 720 (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)) (alterations in original).

13. "Under the Eighth Amendment, which provides a floor for the rights of pretrial detainees, inmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well-being." *Id.* (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)) (internal citation omitted).

14. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Id.* "A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities." *Nickles v. Taylor*, No. 09-557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010). Plaintiff has not alleged that CCJ staff frequently served Plaintiff spoiled food, or that a significant portion of the served food was spoiled. Therefore, he has not sufficiently alleged the objective requirement.

15. Without any facts that are necessary to demonstrate substantial nutritional deprivation, such as how frequently the alleged "spoiled" food was served, a description of the manner in which the food offered to Plaintiff was in fact "spoiled" and

5

"substandard," what other meal options were offered, and for how long during the Dates of Confinement Plaintiff was arguably compelled to eat "substandard" food, this Court cannot find that Plaintiff has stated a cognizable constitutional claim; that is, without additional facts such as these, Plaintiff has not met the objective prong of the constitutional analysis. This claim shall be dismissed without prejudice, and Plaintiff may move to amend this claim in an amended complaint. Fed. R. Civ. P. 15.

16. Plaintiff also appears to assert CCJ's mental health professionals did not provide adequate medical care because they refused to give Plaintiff "detox meds" and "gave me other meds which caused me to seiz [sic] out and be in the hospital for two months." Complaint § IV. In order to set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

17. Here there are insufficient facts to conclude the medical professionals were deliberately indifferent to Plaintiff's health. "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second

6

guess medical judgments and to constitutionalize claims which sound in . . . tort law." *DeJesus v. Corr. Med. Servs., Inc.*, 574 F. App'x 66, 68-69 (3d Cir. 2014) (internal citation and quotation marks omitted). A conclusory statement that the doctors refused to provide medication is not enough to state a constitutional claim. The Court will exercise supplemental jurisdiction over this claim as a medical malpractice action, however, and instruct the clerk to add Drs. John and Jane Doe 1-10 as defendants.

18. Plaintiff should note that if an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* Any motion to amend must be accompanied by a proposed amended complaint.

19. For the reasons stated above, the claims against CCJ are dismissed with prejudice. The Clerk shall add Officers Colon and Corley and Drs. John and Jane Doe 1-10 as defendants. The

use of force, strip search, and medical malpractice claims shall proceed. The claim of nutritionally deficient food is dismissed without prejudice.

    20.   An appropriate order follows.


**June 27, 2017**                                     **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                         U.S. District Judge